FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2009 JUL 22 P 3:51

CLERK'S OFFICE
AT BALTIMORE
BY_____
DEPUTY

| MICHAEL ROSNER: PRO SE Plaintiff,<br>1207 KINGSBURY ROAD<br>OWINGS MILLS, MD 21117<br><br>Vs<br><br>HON. JUDGE JOHN FADER II, ETAL : Defendant<br><br>Individually and in Official Capacity<br>BALTIMORE COUNTY CIRCUIT COURT<br>401 BOSLEY AVENUE<br>TOWSON, MD 21204 | IN THE UNITED STATES<br>DISTRICT COURT OF MARYLAND<br><br>Case Number **RDB 09 CV 1923** |
|---|---|
| "Et Al" Defendants: State of MD, Judge Robert M Bell, Judge John Turnbull II, Gordon Feinblatt Rothman Hoffberger & Hollander, LLC, Herbert Goldman, Sheila K. Sachs, Judge Pamela Lee North, Judge William C. Mulford II ||

## COMPLAINT

### ADDRESSES

5   ***ALL DEFENDANTS ARE BEING SUED INDIVIDUALLY AND IN OFFICIAL CAPACITY

- **HONORABLE CHIEF JUDGE ROBERT M. BELL**
  COURT OF APPEALS
  361 ROWE BOULEVARD
  ANNAPOLIS, MD 21401

- **STATE OF MARYLAND - MARTIN O'MALLEY**
  STATE HOUSE
  100 STATE CIRCLE
  ANNAPOLIS, MD 21401

10  • **HONORABLE JUDGE JOHN G. TURNBULL**
  BALTIMORE COUNTY CIRCUIT COURT
  401 BOSLEY AVENUE
  TOWSON, MD 21204

- **HONORABLE JUDGE JOHN F. FADER II**
  BALTIMORE COUNTY CIRCUIT COURT
  401 BOSLEY AVENUE
  TOWSON, MD 21204

• **RES. AGENT: HERBERT GOLDMAN**
15  GORDON, FEINBLATT, R, H, & H, LLC.
  233 E. REDWOOD STREET
  BALTIMORE, MD 21202

• **ATTORNEY HERBERT GOLDMAN**
  GORDON, FEINBLATT, R, H, & H, LLC.
  233 E. REDWOOD STREET
  BALTIMORE, MD 21202

• **ATTORNEY SHEILA K. SACHS**
  GORDON, FEINBLATT, R, H, & H, LLC.
20  233 E. REDWOOD STREET
  BALTIMORE, MD 21202

• **HONORABLE JUDGE PAMELA LEE NORTH**
  ANNE ARUNDEL CIRCUIT COURT
  7 CHURCH CIRCLE
  ANNAPOLIS, MD 21401

• **HONORABLE JUDGE WILLIAM C. MULFORD II**
  ANNE ARUNDEL CIRCUIT COURT
  7 CHURCH CIRCLE
25  ANNAPOLIS, MD 21401

Copies of this complaint have been provided for the docket, and all parties listed above.

**JURISDICTION**

This case was initially filed in Anne Arundel County Circuit Court.

5  The Court of Appeal's Chief Judge, Robert M Bell and other Maryland Judges are defendants in the case, therefore all State of Maryland judges have a conflict of interest in the case. All MD judges are under supervision of Chief Judge Bell. This includes all MD District, all MD Circuit, the MD Court of Special Appeals, and the MD Court of Appeals.

The case also involves the 14th amendment for fair trial and the 1st amendment for freedom of speech
10  which are federal issues.

The pro se plaintiff is requesting that the United States District Court for Maryland accept the jurisdiction for hearing this case.

15  **JUDICIAL DISABILITIES**

The pro se plaintiff has sent a complaint to the Judicial Disabilities for review of the following situation. The pro se plaintiff feels that he needs to file a case complaint with the courts because the Judicial Disabilities keeps their complaints private, unless the committee agrees to publish them. The state records are supposed to be open for inspection by the citizens, and this violates their rights by not having
20  an open to the public complaint.

**SUMMARY**

The Hon. Judge John F. Fader II (retired, specially assigned) has an Alter-ego conflict-of-interest relationship with Sheila K. Sacks who is a member/partner/owner of Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC, a defendant in the Baltimore County Circuit Court [BCCC] case #03-c-08-011332 "Michael Rosner VS Thomas J Sessa AND Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC."

At the bottom of the Daily Record's July 28, 2001 article "Got a gripe with a judge? Call an 'Alter Ego'" [BCCC **exhibit 41.B**], is the following paragraph:

> "Sometimes there is a little temerity by attorneys," Said **Sheila K. Sachs**, a prominent Baltimore Family law attorney and the **alter ego to Baltimore County Circuit Court Judge John F. Fader II**.

Sheila K.Sachs, is a partner (member) of the defendant, "Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC", as shown in her GFRLAW.COM's website profile page [BCCC **exhibit 46**].

In "MD Ethics opinions- List of public opinions, approx. 2005-2008" [BCCC **exhibit 43.A**], shows the listing for the opinion of "Opinion 2005-21, Recusal Required When Counsel is Judge's 'Alter Ego'" [BCCC **exhibit 43.B**] which states:

> "ISSUE: Must a judge recuse himself or herself in contested cases in which a party before the judge is represented by the judge's 'alter ego'"
>
> "ANSWER: Yes."

[BCCC **exhibit 43.B**] also states:

> "The designation of a lawyer as the alter ego of a judge is a public acknowledgment of a special relationship between the two.
>
> The appointment is an announcement to the legal community that the designated lawyer has such a close relationship with the judge that he or she may freely discuss sensitive matters with the judge. Overtime the two may have exchanged many confidences."

[BCCC **exhibit 43.B**] also states:

> "The degree of that perceived bias may depend on the nature of the litigation…"

The nature of this case is not just that the alter ego is a member of the defending attorney, but is a member of the defendant Gordon Feinblatt…,LLC, and separately, a professional associate/ coworker of Thomas Sessa.

[BCCC **exhibit 43.C**] states:

> "When the relationship is so close that it creates a reasonable appearance of bias, and that bias exists, failing to recuse creates the appearance of impropriety.
>
> [Paragraph deleted]

> The very nature of the "alter ego" relationship manifests a bias that **requires recusal**. The apparent bias of the judge in favor of the alter ego has been publicly announced. Opposing counsel could never be absolutely certain that the judge's rulings were entirely neutral, and few pro se litigants, aware of the relationship, would believe that they received a fair hearing. Confidence in the court generally would be diminished."

When the pro se plaintiff went to the BCCC clerk's office to compare his docket with the official docket, he noticed that the Honorable Judge Patrick Cavanaugh had already GRANTED the pro se plaintiff's motion to seal financial documents.

The plaintiff filed the motion "PLAINTIFF'S MOTION TO SEAL DOCUMENTS IN THE DEFENDANTS' ANSWER AND OTHER DOCUMENTS CONTAINING FINANCIAL DATA". Judge Cavanaugh signed the order GRANTED on January 06, 2009.  Judge John F. Fader II singed a second order for the same motion that DENIED the motion on January 15, 2009.

The order from judge Cavanaugh was placed in the case docket, but was never sent out to the parties, and was never entered into the court's case history computer, until the plaintiff requested that it be placed on Friday, April 24, 2009.

The clerk's office did not file the plaintiff's "MOTION FOR CHANGE OF VENUE" requested on February 13, 2009, until after the plaintiff filed the "NOTICE OF APPEAL TO THE COURT OF SPECIAL APPEALS" filed on March 09, 2009 (almost a month later).

5  While knowing he had the Alter-ego conflict-of-interest relationship with the defendant, Judge Fader influenced the opinion of the hearing's judge, Honorable Patrick Stringer, Jr. when Judge Fader wrote on the hearing letter:

> To the extent that the filing of 10/23/2008 can serve as a Complaint filed by Michael Rosner, it appears to the undersigned judge that it should be dismissed both because the issue is moot and because no cognizable cause of action exists against the Defendant attorneys. Usually, I would grant the motion to dismiss and give leave to amend but in this case it appears to me that an amendment would not be successful in stating a cause of action. Therefore, the matter should be set for a hearing.
>
> _____
> John F. Fader II, Judge

10  Even if judge Fader II did not request to rule on the plaintiff's motions, at some point he read over the motions, saw that the case had the defendants of Thomas J Sessa and Gordon Fienblatt, LLC (Gordon Fienblatt, LLC is posted at the top of each document). He knew he had an Alter-ego Conflict-of-interest, and still ruled in favor of the defendants, overriding the ruling of judge Patrick Cavanaugh. At

15  no time did he disclose said relationship.

**FAILURE OF ACTION OF THE ATTORNEYS IN THE CASE**

All of the people above were informed about the alter-ego conflict-of-interest relationship between Judge John Fader II and Sheila K. Sachs. This situation violates the MD Judicial Ethics opinion 2005-21 when a judge has an alter-ego, "RECUSAL IS REQUIRED", the Maryland Constitution => Article IV- Judiciary Department => Part I - General Provisions SEC. 7. "No Judge shall sit in any case wherein he may be interested…" and the US Constitution=> 14th Amendment "…nor shall any state deprive any person of life, liberty, or property, without due process of law;"

None of the above people acted on the information to correct the situation. They are all attorneys, and some judges, who are sworn to uphold the law.

Judge Turnbull is the Administrative Judge of the Baltimore County Circuit Court, and denied to look at a pro se plaintiff's motion to remove Judge fader and have his motions re-evaluated.

The Law Firm Of Gordon Feinblatt Rothman Hoffberger & Hollander, LLC and their attorneys benefited from the rulings and the influence of Hon Judge Stringer, made by Judge Fader. At no time did any of their lawyers try to correct the alter-ego situation.

Steven P. Lemmey and Gary J. Kolb of The Maryland Commission on Judicial Disabilities were informed of the alter-ego relationship, and were provided with all documentation to substantiate the claim. Also, the pro se plaintiff asked both Lemmey and Kolb to handle the case in a way that would be equivalent to a motion for summary judgment if the complaint were handled in a court of law. They

stated that they would need two to three months to handle the complaint. During this period, Judge Fader would be able to enter rulings and judgments in cases.

The pro se plaintiff informed Judge Robert M. Bell of the alter-ego relationship, and provided him with
5   all documentation to substantiate the claim. In his June 18, 2009 response to the pro se plaintiff's motion dated May 29, 2009 "Motion For Venue Acceptance To Honorable Robert M. Bell, Court Of Appeals Chief Judge", Judge Bell replied that he is unable to assist **me** in this matter, because he does not have the **ability** to intervene in *ad hoc* matters that have not been properly and timely appealed.

10   Judge Bell has two roles as Chief Judge of the Court of Appeals. The first is to be a Judge that hears appeals. The second is as the highest Judge in Maryland, who has the **responsibility** to oversee all of the District Courts, Circuit Courts, Court of Special Appeals, as well as his Court of Appeals.

Even if Judge Bell feels he cannot intervene in the alter-ego conflict-of-interest relationship between
15   Judge John Fader II and Sheila K. Sachs as a Chief Judge in his first role, because the pro se plaintiff has "not properly appealed the alter-ego issue", the pro se plaintiff asserts that Chief Judge Bell has the **ability** and **responsibility** to intervene as the Chief Judge in his second role as the highest judge **responsible** for maintaining the integrity of the court, by handling the alter-ego conflict-of-interest issue. He could have asked the pro se plaintiff for further information, or stated that even though he is
20   unable to intervene in the motions request, that he is going to investigate the alter-ego situation, and try to resolve it, in the his role as the person **responsible** for the actions of the lower court judges, including

Judge Fader.

Also, Chief Judge Bell is not assisting **me** [the pro se plaintiff] in this issue.  Chief Judge Bell has the **responsibility** to correct this problem independent of the pro se plaintiff's case, to maintain the integrity of the MD judicial process.

The United States Supreme Court has upheld the pro se plaintiff's lawsuit in "CAPERTON ET AL. v. A. T. MASSEY COAL CO., INC., ET AL." CERTIORARI TO THE SUPREME COURT OF APPEALS OF WEST VIRGINIA No. 08–22. Argued March 3, 2009—Decided June 8, 2009, with referencing the following cases.

"The Due Process Clause incorporated the common-law rule requiring recusal when a judge has 'a direct, personal, substantial, pecuniary interest' in a case, Tumey v. Ohio, 273 U. S. 510, 523, but this Court has also identified additional instances which, as an objective matter, require recusal where '**the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable**,' Withrow v. Larkin, 421 U. S. 35, 47."

The US Supreme Court continues: "**…need not determine whether there was actual bias. Rather, the question is whether, 'under a realistic appraisal of psychological tendencies and human weakness,' the interest 'poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented.'** Withrow, 421 U. S., at 47."

In both, the US Supreme Court decision and the MD Judicial Ethics decision 2005-21, the criteria for the recusal is set on if the conflict-of-interest **seems** inappropriate, even if there is not actually any impropriety.

5

The pro se plaintiff asserts that the alter-ego conflict-of-interest relationship between Judge John Fader II and Sheila K. Sachs **could** have, and **should** have been handled by any of the defendants, because they are all lawyers who are sworn to uphold the law. Further, Baltimore County Circuit Court Administrative Judge Turnbull and Court of Appeals Chief Judge Bell hold positions with the duty and

10   responsibility to maintain judicial integrity of the MD court system, and thereby should have acted to correct the situation.

### ANNE ARUNDEL COUNTY CIRCUIT COURT

On June 22, 2009 the pro se plaintiff filed the "Amendment to Complaint-Join Defendants" adding

15   Court of Appeals' Chief Judge Robert M Bell, the Maryland Commission on Judicial Disabilities, Gary J. Kolb, Esq., and Steven P. Lemmey, Esq., who are all in the Anne Arundel County Circuit Court's jurisdiction.

On June 26, 2009 judge North ruled pro se plaintiffs "motion for venue acceptance" is DENIED.

20   According to 6-201 of the Court and Judicial Proceedings Article of the Maryland Annotated Code: (a) civil actions-- subject to the provisions of 6-202 and 6-203 of this subtitle and unless otherwise provided by law, a civil action shall be brought in a county where the defendant resides, carries on a regular business, is employed, or habitually engages in a vocation. (Copies to m. Rosner, J. Fader, M. O'Malley, **R.**

**Bell**, J. Turnball, P. Cavanaugh, T. Bollinger, H. Stringer, M. Norman, Law Firm of Gordon Feinblatt Rotman Hoffberger & Hollander LLC, H. Goldman, S. Sachs, J. Thorpe, **MD Commission on Judicial Disabilities, G. Kolb, S. Lemmey**)

5   On July 15, 2009 the pro se plaintiff filed "Request for Reconsideration of Venue Acceptance" base on 6-201 (b), "Multiple Defendants."

On July 16, 2009 judge Mulford Ruled

"Memorandum and Order Ordered, that the Clerk of the Circuit Court for Anne Arundel County is to close
10   this case as the Circuit Court for Anne Arundel County has been ruled to be an inappropriate Venue for this case; and it is further Ordered, that the Clerk of the Circuit Court for Anne Arundel County is to immediately recall and quash all Writs of Summons issued in this case; and it is further Ordered, that the Clerk of the Circuit Court of Anne Arundel County is to accept no further pleadings in this case; and it is further Ordered, that all open motions need not be addressed as the case has been closed and was never
15   properly before the Circuit Court for Anne Arundel County (Copies to Michael Rosner, Honorable(s) **Robert M Bell**, John F Fader II, John Turnbull II, Patrick Cavanaugh, Thomas J Bollinger Sr, H. Patrick Stringer Jr, Mickey Norman, Governor Martin O'Malley, Attys Gansler, Ausby, Goldman, Sachs, Thorpe, **Kolb, Lemmey**)

20   On July 17, 2009 the pro se plaintiff filed, in person, notice for appealing/refilling the case to the United States Federal District Court of Maryland.

Also, the pro se plaintiff was told by the clerk's office that the motion for reconsideration would not be accepted per judge Mulford's order, and that the motion paperwork would be sent back to the pro se plaintiff in the mail.

5  On July 21, 2009 the Clerks office reopened the case and posted the motion to reconsider venue jurisdiction.

Judge North nor judge Mulford have total judicial immunity because they do not have judicial jurisdiction base on their relationship with Judge Robert M Bell who is a defendant in the case as of
10  June 22, 2009 which occurred prior to their decisions on June 26, 2009 and July 16, 2009 respectively.

**PRESUMED JUDICIAL LEGALITY**

The courts have determined that the judicial system is fair and just, and that Judges do not abuse their power.

15

**EVIDENCE CONTRARY TO THE PRESUMED JUDICIAL LEGALITY**

The MD Judicial Ethics Committee has already published an opinion    "Opinion 2005-21, Recusal Required When Counsel is Judge's 'Alter Ego'" which states that in the BCCC case, Judge Fader is required to recuse himself irrespective of his rulings/decisions in the case. He has ignored the pro se
20  plaintiff's request to recuse himself (Judge Fader). A pro se plaintiff's motion to remove/ recuse Judge Fader was also DENIED and the related hearing was DENIED by the Honorable Judge John G. Turnbull II, the Baltimore County Circuit Court Administrative Judge.

**RELATED CASES**

**Baltimore County Circuit Court**

Case #03-C-08-011332 "Michael Rosner VS Thomas J Sessa AND Gordon, Feinblatt, Rothman,

5    Hoffberger & Hollander, LLC."

**MD Court of Special Appeals**

Case # 30, September 2009 "Michael Rosner VS Thomas J Sessa AND Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC."; appeal for the BCCC case #03-C-08-011332

**Anne Arundel County Circuit Court**

10   Case #02-C-09-141374 "Michael Rosner VS John F. Fader, ET AL"

**COUNTS**

01. Judge Fader used his judicial powers to help the defendant (~seventy [70] attorney) law firm where he has an Alter-ego conflict-of-interest relationship with the owner of the law firm Sheila
15     K Sachs.

02. Judge Fader influenced the opinion of the hearing's judge, Honorable Patrick Stringer, Jr.

03. Judge Fader refused to recuse himself after the pro se plaintiff sent him a request letter.

04. All the attorneys failed to act, as MD Bar Attorneys, on their knowledge that Judge Fader was breaking US Constitutional law, MD constitutional law, the Supreme Court ruling on conflict-
20     of-interest recusal requirements, and the MD Judicial Ethics opinion 2005-21 recusal required with alter-ego conflict-of-interest.

05. Court of Appeals' Chief / Administrative Judge Robert M Bell and Baltimore County Circuit Court Administrative Judge John Turnbull refused to act on the knowledge that Judge Fader needed to recuse himself.

06. Judge North committed fraud by stating that Anne Arundel County did not have judicial jurisdiction as a result of the pro se plaintiff filing the amendment joining Court of Appeals' Chief Judge Robert M Bell, the Maryland Commission on Judicial Disabilities, Gary J. Kolb, Esq., and Steven P. Lemmey, Esq., who are all in the Anne Arundel County Circuit Court's jurisdiction.

07. Judge Mulford ordered "that the Clerk of the Circuit Court for Anne Arundel County is to immediately recall and quash all Writs of Summons issued in this case"

08. Judge Mulford took away the pro se plaintiff's right to freedom of speech when he ordered "that the Clerk of the Circuit Court of Anne Arundel County is to accept no further pleadings in this case"

09. Judge Mulford interfered with the MD constitutions separation of the MD Courts and MD Clerks Office entities and did not have jurisdiction to rule/order "that the Clerk of the Circuit Court of Anne Arundel County is to accept no further pleadings in this case"

10. Judge Mulford committed fraud by ordering "that all open motions need not be addressed as the case has been closed and was never properly before the Circuit Court for Anne Arundel County" since the court did have jurisdiction.

11. MD and the MD judges failed to uphold the pro se plaintiff's 14th amendment right to a fair trial.

12. Dismissed the case without ruling on the pro se plaintiff's motion to provide a court appointed attorney, in a public interest case with a pro se plaintiff and attorneys and judges as defendants.

**RELIEF SOUGHT**

I am DEMANDING:

5   01. The Honorable Judge John F. Fader II RECUSE himself from the Baltimore County Circuit Court case #03-C-08-011332 "Michael Rosner VS Thomas J Sessa AND Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC."

   02. Judge Fader to send a statement to Judge Turnbull stating that with his recusal said case should be allowed to be continue, by Judge Turnbull overruling the defendant's motion to dismiss, and
10   the case be retried in another court. (If applicable)

   03. $50 Million Dollars in punitive damages.

   04. Court costs for all cases.

   05. Costs of filing with the Court of Special Appeals.

   06. Costs of filing with the Court of Appeals.

15   07. Costs of filing with the Anne Arundel County Circuit Court.

   08. Immediate summary judgment in the Baltimore County Circuit Court case #03-C-08-011332 "Michael Rosner VS Thomas J Sessa AND Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC."


20   **\*\*\* JURY HEARING AND/OR TRIAL IS DEMANDED**

   **\*\*\* HEARING IS DEMANDED**


Signature: _/s/ Michael Rosner_   Date: 7/22/2009

Printed name: MICHAEL ROSNER

    1207 Kingsbury Road

    Owings Mills, MD 21117