IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL ROSNER | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. RDB-09-1923 |
| | | |
| HON. JUDGE JOHN FADER, II | * | |
| STATE OF MARYLAND | | |
| HONORABLE CHIEF JUDGE ROBERT M. BELL | * | |
| HONORABLE JOHN G. TURNBELL | * | |
| GORDON FEINBLATT ROTHMAN HOFFBERGER & HOLLANDER, LLC | * | |
| HERBERT GOLDMAN | | |
| SHEILA SACHS | * | |
| JUDGE PAMELA LEE NORTH | | |
| JUDGE WILLIAM C. MULFORD, II | * | |
| Defendants. | | |
| | *** | |

## MEMORANDUM OPINION

Michael Rosner, a resident of Owings Mills, Maryland, filed this fee-paid Complaint and an "Emergency Motion to Move" a case from the Court of Special Appeals of Maryland to this Court on July 27, 2009. (Paper Nos. 1 & 2). While the Complaint for damages and other miscellaneous relief[1] is not a model of clarity, it appears that Plaintiff takes issue with the decisions reached in two state court civil actions. The first state court action was filed against some of the Defendants in October, 2008 in the Circuit Court for Baltimore County. *See Rosner v. Sessa, et al.*, Case Number 03C08011332 (Circuit Court for Baltimore County).[2] That matter was apparently dismissed in March of 2009, and is currently on appeal before the Court of Special Appeals. Plaintiff accuses Judge Fader of having an "alter-ego, conflict-of-interest"

---

[1] Plaintiff seeks $50,000,00.00 in damages and costs and fees associated with the filing of his state court cases. (Paper No. 1 at pg. 15). He also asks that Judge Fader recuse himself and that his Baltimore County civil action be reopened and allowed to proceed in another state court. (*Id*.).

[2] The law firm of Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC was named as a party

with defense counsel in his case and seemingly argues that Judge Fader should have recused himself from the matter. (Paper No. 1).   Plaintiff also references conflicting judicial decisions and improper judicial influence by Judge Fader in his state court case   (*Id*. at pgs. 5-6).   He accuses defense attorneys, the administrative judge in the Circuit Court for Baltimore County, and Chief Judge Robert Bell of the Court of Appeals of Maryland of failing to acknowledge the conflict of interest, intervening in the matter, and acting to correct the situation. (*Id*. at pgs. 7-10).

Plaintiff also appears to takes issue with the decisions made in a civil action he filed in the Circuit Court for Anne Arundel County on May 22, 2009.   That action seemingly relates to the conflict of interest allegations raised above and was filed against Judge Fader and other Baltimore County Circuit Court judges, defense counsel and defendants in Plaintiff's Baltimore County action, members of the Maryland Commission on Judicial Disabilities, Chief Judge Bell, and Governor Martin O'Malley. (*Id*. at pg. 10).   Plaintiff complains here that Anne Arundel County Circuit Court Judges Pamela Lee North and William C. Mulford, II denied his motion for venue and ordered his case to be closed.  (*Id*. at pg. 11).   Plaintiff claims that he did not seek to appeal the final decision, but instead filed a notice of removal to federal court in the Anne Arundel County Circuit Court. (*Id*.)  *See Rosner v. John F. Fader, II, et al.,* Case No. 02C09141374 (Circuit Court for Anne Arundel County).   For reasons to follow, the Motion to Move shall be denied and the Complaint shall be summarily dismissed.

To the extent that Plaintiff seeks to remove his appeal pending in the Court of Special Appeals or his Anne Arundel Circuit Court matter to this Court, his Motion shall be denied.  He has failed to meet the fundamental and threshold requirement of removal under federal statute, to wit:

---

defendant in the state court complaint.

only state court *defendants* may seek to remove actions to the federal district court (emphasis added). *See* 28 U.S.C. § 1441. Section § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

With regard to his Complaint, Plaintiff appears to invoke this Court's 28 U.S.C. § 1343 civil rights jurisdiction under 42 U.S.C. § 1983 raising First and Fourteenth Amendment "free speech" and "fair trial" claims. He has, however, failed to set out particularized claims showing how his civil rights were violated.

Next, the undersigned observes that five of the nine Defendants are state court judges. They are absolutely immune from damage liability for actions taken in their judicial capacities.[3] *See Forrester v. White*, 484 U.S. 219, 226-27 (1988); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Further, three of the remaining four Defendants are private attorneys or law firms. A § 1983 complaint may only lie against those acting under color of state law. *See Wyatt v. Cole*, 501 U.S. 158, 161 (1992); *West v. Atkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-30, 935-37 (1982). This is a threshold requirement. Privately retained attorneys and law firms do not act under color of state law. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976). Therefore,

---

[3] Plaintiff asks the Court to compel Judge Fader to recuse himself from Plaintiff's state court case and to direct Judges Fader and Turnbull to reopen his case to allow it to continue in another jurisdiction. The court has no authority to take such action under its mandamus power. *See AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment,* 172 F.3d 307, 312 n. 3 (4th Cir. 1999); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969) (federal court has no mandamus jurisdiction to compel state authorities to take action).

Plaintiff may not maintain a § 1983 action against Defendants Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC, Sachs, and Goldman.

Also, the remaining claim against the State of Maryland may not proceed. The State of Maryland is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, the Eleventh Amendment bars suit for monetary damages in federal court by a private individual against an unconsenting state, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment. *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). Maryland has not waived its right to sovereign immunity.

Last, but fundamentally not least, the Court finds that when separating the chaff from the wheat, Plaintiff's claims go to his disagreements with the manner in which judges and private attorneys dealt with his state court civil cases. It appears that the claims are all interconnected with the decisions reached in his circuit court cases against Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC. The Court is without jurisdiction to review the thrust of the allegations. The action is based upon the history of prior state court civil proceedings. Under the *Rooker-Feldman* doctrine,[4] a federal court does not have jurisdiction to overturn state court judgments, even when the federal complaint raises allegations that the state court judgments violate a claimant's constitutional or federal statutory rights. In creating this jurisdiction bar, the Supreme Court reasoned that because federal district courts have only original jurisdiction, they lack appellate jurisdiction to

---

[4] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

review state court judgments.[5]  In effect, the *Rooker-Feldman* doctrine precludes federal court action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 281 (2005).

The Court finds that the instant matter is subject to dismissal.  A complaint that is totally implausible, attenuated or unsubstantial, such as this, may be dismissed *sua sponte* for lack of subject matter jurisdiction, even when the civil filing fee has been paid.  *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22, 25 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988).   A separate order effecting the ruling made in this opinion is entered herewith.


Date:  July 29, 2009                              /s/                                                     
                                                                RICHARD D. BENNETT
                                                                UNITED STATES DISTRICT JUDGE

---

[5] The Court explained that only the Supreme Court has federal court appellate jurisdiction over state court judgments.  *See* 28 U.S.C. § 1257.